IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELISHA-PATTI KENNEDY, | ) |
| | ) |
|   Plaintiff, | ) |
| | )    CIVIL ACTION NO. |
| v. | ) |
| | )    1:10cv3501-JEC |
| THE UNITED STATES, INC., | ) |
| THE STATE OF GEORGIA, INC., | ) |
| WELLS FARGO BANK NA, | ) |
| ARGENT MORTGAGE COMPANY, INC., | ) |
| AMERIQUEST MORTGAGE, INC., | ) |
| BARCLAYS CAPITAL REAL ESTATE, INC., | ) |
| OCWEN LOAN SERVICING, INC. and | ) |
| MCCURDY & CANDLER, LLC, | ) |
| | ) |
|   Defendants. | ) |

## BRIEF IN SUPPORT OF DEFENDANTS ARGENT AND AMERIQUEST'S MOTION TO DISMISS

COME NOW Argent Mortgage Company, LLC, ("Argent") and Ameriquest Mortgage Company ("Ameriquest"), co-Defendants in the above-styled action, and hereby submit their Brief in Support of their Motion to Dismiss and show this honorable Court the following:

I.   STATEMENT OF FACTS

On or about February 14, 2005, to secure a Note in the amount of $117,750.00, Plaintiff executed a Security Deed in favor of Defendant Argent, conveying a first priority security interest in property commonly known as 4208 Saint Marie Court, Stone Mountain, Georgia 30083 (the "Property"). A copy of the Note is attached to Plaintiff's Complaint as Exhibit A.

-1-

On or about April 30, 2008, Plaintiff filed a complaint (the "First Complaint") in the Superior Court of DeKalb County, Georgia, against some of the same Defendants (Argent, Ameriquest and Wells Fargo), Case No. 08CV5118-2, alleging that the Note she signed was altered and therefore void.  A true and correct copy of the First Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.  The Superior Court dismissed Plaintiff's Complaint WITH PREJUDICE.  Plaintiff filed a Motion for Reconsideration which was subsequently denied.

On or about October 20, 2008, Plaintiff filed her second Complaint (the "Second Complaint") against Argent, Ameriquest and Wells Fargo in the Superior Court of DeKalb County, Case No. 08CV11512-2, alleging that the Court erred in dismissing the First Complaint and denying her motion for reconsideration.  A true and correct copy of the Second Complaint is attached hereto as Exhibit "B" and incorporated herein by reference.  The Second Complaint contains the same allegations as the First Complaint with regard to the Note.  The Superior Court dismissed Plaintiff's Second Complaint WITH PREJUDICE.

On or about November 4, 2009, Plaintiff filed her third Complaint (the "Third Complaint") in the Superior Court of DeKalb County, Case No. 09CV13000-2.  A true and correct copy of the Third Complaint is attached hereto as Exhibit "C" and incorporated herein by reference.  The Third Complaint, filed against Argent,

-2-

Ameriquest, Wells Fargo and Barclays Capital Real Estate, contains the same allegations regarding the dismissal of the First Complaint and the denial of her subsequent Motion for Reconsideration as are contained in the Second Complaint, and also contains the same allegations as the First Complaint and the Second Complaint with regards to the Note.  On July 6, 2010, the Superior Court entered an order (the "Final Order") dismissing Plaintiff's Third Complaint WITH PREJUDICE.

Plaintiff filed the complaint at bar on October 28, 2010, attacking the previous state court cases.


II.   **ARGUMENT AND CITATION OF AUTHORITY**

A. Standard of Review of Motions to Dismiss for Failure to State a Claim.

The Complaint should be dismissed because it fails to meet the minimum pleading standards articulated by the United States Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), to survive a motion to dismiss.  The Twombly Court also retired the often cited standard that a complaint should survive the Rule 12(b)(6) dismissal stage "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 at 561, 127 S. Ct. at 1968 (quoting Conley v. Gibson,

355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).  The Supreme Court noted that a literal reading of this standard would mean that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Id. (internal quotation marks and brackets omitted). The Twombly Court explained that this standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563, 127 S. Ct. at 1969.

The Supreme Court revisited the pleading standard in Iqbal. Now the standard is that a complaint must state a "plausible" claim for relief.  Iqbal, 129 S. Ct. at 1949 (2009); see also Azar v. Nat'l City Bank, 2010 U.S. App. LEXIS 12184 (11th Cir. Fla. June 15, 2010) and Lanfear v. Home Depot, Inc., 2010 U.S. Dist. LEXIS 61139, *19-20 (N.D. Ga. June 7, 2010). For a claim to be plausible, the claimant's pleading must contain sufficient factual content to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Factual allegations are treated as true, but those factual allegations must be more than "naked assertions" of wrongdoing.  Id.  Legal conclusions, on the other hand, are not deemed to be true just because they are stated in the complaint.

Id.   "In other words, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"   Azar v. Nat'l City Bank, 2010 U.S. App. LEXIS 12184 (11th Cir. Fla. June 15, 2010), quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965."

In ruling on a motion to dismiss, a court may consider documents and information that are not specifically plead in the complaint.   See Lanfear, 2010 U.S. Dist. LEXIS 61139 at *4-5.   A court may consider any documents referenced by a plaintiff that are integral to the plaintiff's claims.   See Fed. R. Civ. P., 10(c); Bryant v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir. 1999).   A court may also take judicial notice of and consider public records without converting a motion to dismiss into a motion for summary judgment.   See Fed Rules Evid R 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-323 (2007); Hennington v. Greenpoint Mortg. Funding, Inc., 2009 U.S. Dist. LEXIS 41343 (N.D. Ga. May 15, 2009); In re ING Groep, N.V. ERISA Litig., 2010 U.S. Dist. LEXIS 44238, *10-12 (N.D. Ga. Mar. 31, 2010) ("judicially noticed matters are not outside the pleadings").   Therefore, in considering this motion to dismiss, Defendants Argent and Ameriquest request the Court take judicial notice of the complaints and the Final Order, attached hereto at Exhibits "A" - "D", respectively, because they are public records whose authenticity cannot be seriously questioned.   Once judicially noticed, those documents may be considered without

converting this motion to dismiss to a motion for summary judgment.

    B. *Res Judicata* and Collateral Estoppel Bar This Action.

As shown above, Plaintiff has previously litigated against the Defendants and the Court dismissed all of her claims. She has presented no new claims and the face of the Complaint at bar clearly shows that the Complaint is an attack on the rulings issued in the previous cases; therefore *res judicata* applies.

Collateral estoppel precludes relitigation in a second or subsequent suit of the issues actually litigated in a prior suit. James Talcott, Inc. v. Allahabad Bank, Ltd., 444 F.2d 451, 458-59 (5th Cir. 1971). And, a prior judgment is *res judicata* as to subsequent suits involving the same cause of action. Lawlor v. Nat'l Screen Svc. Corp., 349 U.S. 322, 75 S. Ct. 865, 99 L.Ed. 1122 (1955). As shown by the Final Order, these issues and claims were actually litigated in Cases 08CV5118-2, 08CV11512-2, and 09CV13000-2. The court presiding over those cases found for the Defendants in all of those cases and each time dismissed Plaintiff's claims with prejudice. Thus, this action is barred by *res judicata* and collateral estoppel.

    C. The Court lacks jurisdiction.

There are two types of cases within the original subject matter jurisdiction of this Court. Cases are properly initiated

in this Court based on either the presence of a federal cause of action (federal question jurisdiction) under 28 U.S.C. § 1331 or the satisfaction of the requirements of 28 U.S.C. § 1332 (diversity jurisdiction). Neither type of jurisdiction exists here.[1]

28 U.S.C. § 1332 provides for this Court's jurisdiction over matters in controversy over $75,000.00 if the action is between citizens of different States. Under § 1332, however, the diversity must be complete, meaning that no plaintiff and no defendant can reside in the same State. Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Complete diversity of citizenship is not present in this case. Plaintiff and Defendant McCurdy & Candler are both residents of Georgia. No complete diversity of citizenship is present. Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) (internal citations omitted). Further, Plaintiff has not specifically pled in the body of the Complaint that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, nor has she shown any facts to suggest that the amount in controversy actually

---

[1] While Plaintiff has named the United States as a party, she does not actually raise a claim against the United States or seek any relief from the United States or otherwise demonstrate how she would have standing to sue the United States. Consequently, 28 U.S.C. § 1346, which provides that district courts shall have original jurisdiction of actions against the United States, is inapplicable.

exceeds that jurisdictional amount.   See 28 U.S.C. § 1332(a);
St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289,
58 S. Ct. 586, 590, 82 L. Ed. 845 (1938) (dismissal of a case
brought under 28 U.S.C. § 1332 is proper where the pleadings
make it clear to a legal certainty that the claim is really for
less than the jurisdictional amount).

This action is barred by *res judicata* and collateral
estoppel because of the judgments entered in previous litigation
over the same issues presented herein.   As a result, the amount
in controversy is actually $0, as Plaintiff cannot as a matter
of law recover on any claim brought herein.   Therefore,
Plaintiff has not stated a claim for relief exceeding the amount
required for diversity jurisdiction.

Because diversity jurisdiction is not present, this Court
must now determine whether the claims alleged in Plaintiff's
complaint arise under federal law.   Kemp v. International
Business Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997).   28
U.S.C. § 1331 provides for this Court's jurisdiction in all
cases 'arising under' the Constitution, laws, or treaties of the
United States.   Nowhere in Plaintiff's Complaint does she allege
any claims or violations arising under federal law.   Indeed,
Plaintiff appears to have exclusively cited to state law in her
Complaint and no federal violations are contained in the
complaint (see Complaint, Pages 14-16, titled "Claims").

Although Plaintiff vaguely alleges violations of her constitutional rights, under the "well-pleaded complaint" rule, "[a] case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." Kemp, supra at 712; Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983) (the federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint). In determining if a federal question exists, a district court may only consider what necessarily appears in a plaintiff's statement of his or her claim. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988). Although Plaintiff alleges various acts of wrongdoing by some of the named Defendants (and none of these claims are well-pled), all of these claims are pled exclusively under state law. No federal law is specifically alleged to have been violated, and Plaintiff does not state any federal right of which she has been deprived. Therefore, federal question jurisdiction also does not exist, and the Complaint should be dismissed.

To the extent that the Court deems that it does have jurisdiction despite the absence of diversity or federal question jurisdiction, the Court would still lack jurisdiction based on the Rooker-Feldman doctrine. Brown v. R.J. Reynolds

Tobacco Co., 611 F.3d 1324 (11th Cir. 2010).  The Rooker-Feldman
doctrine prohibits lower federal courts from taking jurisdiction
of cases brought by state court losers challenging state court
judgments entered before the initiation of the federal action.
Id. at 1330 (quoting Lance v. Dennis, 546 U.S. 459, 460 (2006)).
"The doctrine bars the losing party in state court "'from
seeking what in substance would be appellate review of the state
judgment in a United States district court, based on the losing
party's claim that the state judgment itself violates the
loser's federal rights.'" Brown, 611 F.3d at 1330 (quoting
Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).

    In the instant matter, Plaintiff seeks federal review of
three state court orders rejecting the very same claims she
raises in this action.  Because she was the loser in those state
court cases, the Rooker-Feldman doctrine prevents this Court
from entertaining those claims now and from reviewing the orders
of the Superior Court of DeKalb County.  Consequently, this
Court is without jurisdiction to hear this case.

        D.    The Complaint fails to state a claim upon which relief
              can be granted.

    Defendants Argent and Ameriquest further move to dismiss the
Complaint for failure to state a claim upon which relief can be
granted under Rule 12(b)(6) because the Complaint fails to allege
facts that state a plausible claim for relief.   The Complaint

-10-

fails to meet the minimum pleading standards articulated by the
United States Supreme Court in Bell Atlantic Corporation v.
Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v.
Iqbal, 129 S. Ct. 1937 (2009) to survive a motion to dismiss.   The
Twombly Court also retired the often cited standard that a
complaint should survive the Rule 12(b)(6) dismissal stage
"'unless it appears beyond doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief.'"    Twombly, 550 at 561, 127 S. Ct. at 1968 (quoting
Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).
The Supreme Court noted that a literal reading of this standard
would mean that "a wholly conclusory statement of claim would
survive a motion to dismiss whenever the pleadings left open the
possibility that a plaintiff might later establish some set of
undisclosed facts to support recovery."   Id. (internal quotation
marks and brackets omitted). The Twombly Court explained that this
standard "is best forgotten as an incomplete, negative gloss on an
accepted pleading standard: once a claim has been stated
adequately, it may be supported by showing any set of facts
consistent with the allegations in the complaint."   Id. at 563,
127 S. Ct. at 1969.

The Supreme Court revisited the pleading standard in Iqbal.
Now the standard is that a complaint must state a "plausible"
claim for relief.  Iqbal, 129 S. Ct. at 1949 (2009); see also Azar

v. Nat'l City Bank, 2010 U.S. App. LEXIS 12184 (11th Cir. Fla. June 15, 2010) and Lanfear v. Home Depot, Inc., 2010 U.S. Dist. LEXIS 61139, *19-20 (N.D. Ga. June 7, 2010). For a claim to be plausible, the claimant's pleading must contain sufficient factual content to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Factual allegations are treated as true, but those factual allegations must be more than "naked assertions" of wrongdoing. Id. Legal conclusions, on the other hand, are not deemed to be true just because they are stated in the complaint. Id. "In other words, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Azar v. Nat'l City Bank, 2010 U.S. App. LEXIS 12184 (11th Cir. Fla. June 15, 2010), quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965."

Plaintiff's Complaint is simply devoid of any facts or cognizable legal theories that support her allegations. Instead, the Complaint rambles and provides no concise and direct statements as to legal theories or facts that would entitle Plaintiff to relief. Most of Plaintiff's allegations are so confusing and otherwise inarticulate that the Complaint's true substance, if any, with the exception of attacking previous litigation decided against the Plaintiff, is completely disguised.

Therefore, dismissal of the Complaint is warranted for failure to comply with Fed. R. Civ. P. 8 and the pleading

standards set out in _Twombly_ and _Iqbal_ and, pursuant to Fed. R. Civ. P. 12(b)(6), for failing to set forth any claim for which relief can be granted.

WHEREFORE, Defendants Argent and Ameriquest pray that this honorable Court dismiss Plaintiff's Complaint WITH PREJUDICE.

### LOCAL RULE 5.1 CERTIFICATION

I certify that this pleading was prepared in Courier New (12 point) font, a font and point selection approved by L.R. 5.1.

Respectfully submitted this 18th day of November, 2010.

JOHNSON & FREEDMAN, LLC

By: _____
Kyle S. Kotake
Georgia Bar No. 428697
Austin E. James
Georgia Bar No. 472117

Attorneys for Defendants
Argent and Ameriquest

1587 N.E. Expressway
Atlanta, Georgia 30329
Direct Dial:  (678) 298-8833
              (770) 234-9181
Facsimile:    (404) 329-8144
Email:        aejames@jflegal.com
0802462\A7272125

-13-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANTS ARGENT AND AMERIQUEST'S MOTION TO DISMISS** was served upon the following by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

    Elisha Patti Kennedy
    4208 St. Marie Court
    Stone Mountain, GA 30083

This 18th day of November, 2010.

                    JOHNSON & FREEDMAN, LLC

                    Kyle S. Kotake
                    Georgia Bar No. 428697
                    Austin E. James
                    Georgia Bar No. 472117

                    Attorneys for Defendants
                    Argent and Ameriquest

1587 N.E. Expressway
Atlanta, Georgia  30329
Direct Dial:  (678) 298-8833
           (770) 234-9181
Facsimile:  (404) 329-8144
Email:  aejames@jflegal.com