IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELISHA PATTI KENNEDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. 1:10-CV-3501-JEC |
| v. | * | |
| | * | |
| THE UNITED STATES INC., | * | |
| THE STATE OF GEORGIA INC., | * | |
| WELLS FARGO BANK, N.A., | * | |
| ARGENT MORTGAGE CO. INC., | * | |
| AMERIQUEST MORTGAGE INC., | * | |
| BARCLAY CAPITAL REAL | * | |
| ESTATE INC., | * | |
| And OCWEN LOAN SERVICING | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

## MOVANT STATE OF GEORGIA'S SPECIAL APPEARANCE MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

COMES NOW the State of Georgia ("State"), by special appearance without submitting itself to the jurisdiction of the Court, by and through the Attorney General of the State of Georgia, and respectfully submits this Special Appearance Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, and sets forth its reasons below. By appearing specially and filing this Motion for Extension of Time To Answer or Otherwise Respond to Plaintiff's Complaint, Movant does not waive any defenses that it has including, but not

limited to, the insufficiency of service of process and the lack of personal and subject matter jurisdiction. Movant respectfully shows this Court the following:

## I. BRIEF PROCEDURAL HISTORY IN RELATED CIVIL ACTION NUMBER 1:10-CV-563-JEC.

On February 26, 2010, Plaintiff Elisha Patti Kennedy filed suit in this Court, Civil Action Number 1:10-CV-563-JEC, against the State alleging that the State denied Plaintiff due process of law because State court judges allowed the foreclosure of Plaintiff's real property and eviction thereof, including the dismissal of her actions against Plaintiff's lenders, without validating the original note that secured the lender's interest on the property. On March 16, 2010, the State filed a Motion to Dismiss Plaintiff's claims as barred by the Eleventh Amendment of the U.S. Constitution. On March 17, 2010, Plaintiff filed a "Bill of Particulars" further alleging that such denial of her due process was the result of racketeering and corrupt behavior between the State judges and the mortgage lenders. On April 19, 2010, this Court issued an Order denying Plaintiff's motion for a temporary injunction. On October 14, 2010, Plaintiff filed a Request for an Emergency Hearing with this Court. Chief U.S. District Judge Carnes issued an Order on October 26, 2010, denying Plaintiff's Request for an Emergency hearing, and further ordering as follows: **"The plaintiff is directed to cease the filing of any further motions or pleadings until defendant's Motion to Dismiss [4] has been**

**ruled on."** The State's Motion to Dismiss in Civil Action Number 1:10-CV-563-JEC is presently pending before this Court.

Nevertheless, on October 28, 2010, two days after this Court's Order forbidding Plaintiff from filing further pleadings in the aforementioned Civil Action, Plaintiff filed the present action in this Court against the State and several additional defendants. Although Plaintiff's Complaint in the present action is incomprehensible, her prayers for relief apparently relate to the real property which is also the subject of the Civil Action in which she has been ordered not to proceed further.

For the reasons more fully set forth below, the State respectfully requests that it be granted an extension of time in the instant case within which to Answer or otherwise to respond to Plaintiff's Complaint until after this Court's ruling on the State's Motion to Dismiss in Civil Action Number 1:10-CV-563-JEC.

## II. ARGUMENT AND CITATION OF AUTHORITY

First, the State's request should be granted in the interest of judicial economy insofar as the State's Motion to Dismiss presently pending in Civil Action Number 1:10-CV-563-JEC, if granted, will be dispositive of all claims Plaintiff may have against the State, including any she is asserting in the present action. Any judgment rendered in the prior pending civil action necessarily will

become *res judicata* as to all future related claims against the State, including any that Plaintiff purports to make in the present action.

Next, even if the State's Motion to Dismiss is not granted in Civil Action 1:10-CV-563-JEC, the Court likely will exercise its discretion under Fed.R.Civ.P. 42 (a)(2) to consolidate the two actions in an effort to serve the interest of judicial economy, avoid piecemeal litigation and to avoid duplicitous lawsuits. In light of that possibility, the more efficient process would be for the State to respond to Plaintiff's claims at one time, after the causes of action and issues have been consolidated, rather than attempting to litigate two parallel lawsuits simultaneously which necessarily will involve the same or similar motions and discovery.

Further, the State has not been properly served with process with Plaintiff's Complaint, as will be more fully set forth in an appropriate motion at a later time.

Additionally, the State anticipates the necessity to file, at the very least, a Motion for More Definite Statement pursuant to Fed.R.Civ.P. 12 (e), should Plaintiff's present Complaint not become moot by disposition of the State's Motion to Dismiss in Civil Action number 1:10-CV-563-JEC. Plaintiff's Complaint filed in the present action consists, *inter alia*, of the following:

a) "Judicial Notice Judge's Canon's" (14 pages);

b) "Judicial Notice of Federal Reserve Modern Money Mechanics Workbook" (6 pages);

    c) "Judicial Notice of Failure To Comply to U.S. Constitution and the Complaint" (24 pages);

    d) "Judicial Notice of National Currency Act Statues [sic] At Large" (5 pages); and,

    e) "Judicial Notice ABA Model Code" (12 pages).

The Complaint in its present state is completely incomprehensible and fails to make specific factual allegations against the State. Although the Complaint purports to state allegations of due process violations along with prayers for relief, it fails to follow the rules for pleading set forth in Fed.R.Civ.P. 8 (a)(2) which requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief; ...." Additionally, Fed.R.Civ.P. 10 (b) requires that the plaintiff "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances...." Far from any "short and plain statement" of a claim in "numbered paragraphs," Plaintiff's Complaint consists mostly of 60-plus pages of rambling string recitations of various lawyers' and judges' canons. The State should be granted additional time to determine whether there is the need for a more definite statement, or whether grounds exist warranting the dismissal altogether of Plaintiff's Complaint, in the event that service of process is ever properly accomplished upon the State.

Finally, but by no means less significant, the State requests that it be granted an extension of time within which to respond to Plaintiff's Complaint due to the possibility that this Court could dismiss Plaintiff's Complaint in the present action on its own accord, within its discretion under Fed.R.Civ.P. 11 as a sanction for Plaintiff's blatant disregard of this Court's October 26th Order. The October 26th Order in Civil Action number 1:10-CV-563-JEC prohibited the filing of "any further motions or pleadings" on behalf of Plaintiff. (See a copy of the October 26, 2010 Order, attached hereto for ease of reference as Exhibit "A"). Rule 11 (b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it— an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ...

Fed.R.Civ.P. 11 (b) (emphasis added). As specifically expressed in the Federal Rules, submitting a pleading for an improper purpose can subject both attorneys *and pro se* litigants to sanctions under Fed.R.Civ.P. 11 (c). See, e.g., Brantley v. Mikell, No. 1:05-CV-3032-RWS, 2006 U.S. Dist. LEXIS 77561, at *6 (N.D. Ga. June 15, 2006); Brown v. Consolidated Freightway, 152 F.R.D. 656, 660 (N.D. Ga. 1993). While the State is not seeking monetary sanctions against the Plaintiff at this time, the Court is authorized to dismiss Plaintiff's Complaint for

6

failure to abide by the Federal Rules of Civil Procedure, specifically where a *pro se* litigant files a pleading in bad faith, such as Plaintiff has done here. See, e.g., Kelly v. Prison Health Serv. Chatham County Det. Center, No. CV 410-187, 2010 U.S. Dist. 2010 LEXIS 96332, at *4 (S.D. Ga. September 15, 2010)(Court is authorized to dismiss *pro se* prisoner's complaint, which failed to list former cases on civil complaint form as required, as sanction in violation of Fed.R.Civ.P. 11, and also under Court's inherent authority under Rule 41 (b) for failure to abide by the Federal Rules). See also Patterson v. Aiken, 841 F.2d 386 (11th Cir. 1988). In Patterson, a *pro se* plaintiff filed a complaint against attorneys, federal judges and film distribution companies alleging antitrust and constitutional violations. Patterson, 841 F.2d at 386. The defendants were all involved in some way in four prior related, unsuccessful lawsuits, and the District Court awarded attorneys fees against the *pro se* plaintiff under Rule 11 for one count of the complaint as being a frivolous "re-hash" of claims made in prior litigation. Patterson, 841 F.2d at 386-387. In affirming the District Court's assessment of Rule 11 sanctions, the Court of Appeals for the Eleventh Circuit noted that "*pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Patterson, 841 F.2d at 387 (citation omitted). Likewise, Plaintiff here has flagrantly abused the judicial process by attempting in a new proceeding to do

what she was ordered in another not to do. The Federal Rules of Civil Procedure forbid such conduct.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its request for an extension of time to answer or otherwise respond to Plaintiff's Complaint.

In accordance with LR 7.1 D, ND Ga, Counsel for Movant hereby certifies that this Motion is prepared in a font and point selection approved by the Court under LR 5.1, ND Ga.

Respectfully submitted this 17th day of November, 2010.

| | |
|---|---|
| **THURBERT E. BAKER** | 033887 |
| Attorney General | |
| | |
| **R.O. LERER** | 446962 |
| Deputy Attorney General | |
| | |
| **DENISE E. WHITING-PACK** | 558559 |
| Senior Assistant Attorney General | |
| | |
| /s/Shannon A. McGhee | |
| **SHANNON A. MCGHEE** | 142481 |
| Assistant Attorney General | |
| | |
| /s/ Nancy M. Gallagher | |
| **NANCY M. GALLAGHER** | 282865 |
| Assistant Attorney General | |

FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 22 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

(Approved) Dated this 19 day of November, 2010

_____
DISTRICT JUDGE

8

Please Address All
Communications To:
NANCY M. GALLAGHER
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 651-5801
Facsimile: (404) 657-3239
Email: ngallagher@law.ga.gov