[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14402
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-03501-JEC

ELISHA PATTI KENNEDY,

          Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, INC.,
STATE OF GEORGIA, INC.,
WELLS FARGO BANK, N.A.,
ARGENT MORTGAGE CO., INC.,
AMERIQUEST MORTGAGE, INC., et al.,

          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 17, 2012)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Elisha Kennedy appeals <u>pro se</u> the dismissal of her complaint against Argent Mortgage Co., Inc., Ameriquest Mortgage, Inc., Wells Fargo Bank, N.A., Barclay Capital Real Estate, Inc., Ocwen Loan Servicing, Inc., McCurdy & Chandler, LLC, the United States and the State of Georgia.  We affirm.

Kennedy purchased her home by obtaining a mortgage loan from Argent.  In exchange, Kennedy executed a promissory note and secured the loan by giving Argent a security deed, which Argent later transferred to Wells Fargo.  Kennedy defaulted on the mortgage payments, and the law firm of McCurdy & Chandler commenced foreclosure proceedings.  Later, Wells Fargo bought Kennedy's home and filed an action to dispossess Kennedy.

Kennedy protested the foreclosure.  Kennedy filed two complaints in a Georgia court against Argent, Ameriquest, and Wells Fargo, alleging that the defendants had altered and rendered void the promissory note and had wrongfully instituted a forfeiture in the absence of producing the original note.  Although the Georgia court dismissed Kennedy's two complaints with prejudice, Kennedy did not appeal either dismissal.  Kennedy later filed a third complaint that repeated the same allegations of wrongdoing and that added Barclay as a defendant, but the Georgia court also dismissed the third complaint with prejudice.

Kennedy then filed a complaint in the district court against the State of Georgia. Kennedy complained that, by permitting the foreclosure, Georgia had violated Kennedy's right to due process; Georgia had breached its duty to protect Kennedy; and Georgia had violated the Racketeer Influenced and Corrupt Organizations Act. The district court ordered Kennedy to stop filing pleadings while her complaint was pending. Later, the district court dismissed Kennedy's complaint as barred by sovereign immunity.

Undaunted by the earlier order of the district court, Kennedy filed a second complaint, the dismissal of which we review in this appeal. In her second complaint, Kennedy repeated her claims about the alteration of her promissory note and a wrongful foreclosure by Argent, Ameriquest, Barclay, Wells Fargo, Ocwen, and McCurdy, and Kennedy complained that the forfeiture violated various constitutional and statutory rights. Kennedy also complained that the United States and Georgia had violated "Title 28 USC Chapter 21 Section 453" and that the "judicial branch" of the United States had failed to "correct a wrong" in violation of "Title 42 USC Chapter 21 Section 1986." Each defendant moved to dismiss Kennedy's complaint, and the district court granted those motions.

The district court did not err by dismissing Kennedy's complaint against Argent, Ameriquest, Barclay, Wells Fargo, Ocwen, and McCurdy. Kennedy

3

complained about a wrongful foreclosure, but Kennedy failed to state that any defendant had "violat[ed] . . . the [foreclosure] statute[, which] is necessary to [establish] a wrongful foreclosure" under Georgia law. McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. App. 2000). Likewise, Kennedy complained about violations of the National Bank Act, and the Fair Debt Collections Practice Act, but she failed to state what action or inaction of the defendants allegedly violated these statutes. Although Kennedy complained about violations of her rights of due process under the Constitution of the United States and the Constitution of Georgia, she failed to state that the defendants, who are private parties, had engaged in any state action. See Nat'l Broad. Co. v. Commc'ns Workers of Am., 860 F.2d 1022, 1024 (11th Cir. 1988); Etkind v. Suarez, 519 S.E.2d 210, 214 (Ga. 1999). Kennedy complained that she could not undergo a foreclosure and eviction while she was challenging the lawfulness of that foreclosure, but in Georgia "the alleged invalidity of a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding." Jackman v. LaSalle Bank, N.A., 683 S.E.2d 925, 927 (Ga. App. 2009). Kennedy also claimed that the defendants had acted wrongfully by failing to produce the original promissory note, altering the note, and using Kennedy's credit to fund the loan, but the district court lacked subject matter jurisdiction to review the judgments of the Georgia court that

denied Kennedy's challenges to the foreclosure proceeding or any issues that were "inextricably intertwined" with those judgments.  See Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009).

The district court also did not err by dismissing the complaint against the United States and the State of Georgia for failure to state a claim.  Kennedy complains that the United States looked the other way while her rights were violated, but she fails to explain the duty of the United States to intervene in proceedings of a state court.  And Kennedy's complaint against Georgia is barred by res judicata.

We **AFFIRM** the dismissal of Kennedy's complaint.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 17, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-14402-CC
Case Style: Elisha Kennedy v. USA, et al
District Court Docket No: 1:10-cv-03501-JEC

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs